Philip R. Sellinger
United States Attorney
By: Joseph N. Minish
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973)-297-2012
Joseph.Minish@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Hon. |
| Plaintiff, | : | Civil Action No. 24- |
| v. | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **$629,950 IN UNITED STATES CURRENCY,** | : | |
| | : | |
| Defendant *in rem*. | : | |

Plaintiff, United States of America, by its attorney, Philip R. Sellinger, United States Attorney for the District of New Jersey (by Joseph N. Minish, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

**NATURE OF THE ACTION**

1.  This is an action to forfeit to the United States of America ("Plaintiff") a total of $629,950 in United States currency, pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in

exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.

## THE DEFENDANT *IN REM*

2. The defendant property consists of a total of $629,950 in United States currency ("Defendant Property") seized by the Drug Enforcement Administration ("DEA") during a motor vehicle stop conducted on or about August 31, 2023, in Garwood, New Jersey.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in the District of New Jersey, and pursuant to 28 U.S.C. § 1395(b), because the Defendant Property is located in the District of New Jersey.

5. The Defendant Property is currently in the custody of the United States Marshals Service for the District of New Jersey.

6. Plaintiff requests that upon the filing of this Verified Complaint, the Clerk issue an arrest warrant *in rem* pursuant to 28 U.S.C. § 1355(b) and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Plaintiff will cause the arrest warrant *in rem* to be

executed upon the Defendant Property and the Court will thereby acquire *in rem* jurisdiction over such property.

## FACTS

7. In or around early August 2023, members of the DEA along with local law enforcement in Oklahoma initiated an investigation into an organization ("Organization") shipping marijuana from Oklahoma into New Jersey, New York, and elsewhere. The investigation revealed that after marijuana was harvested from multiple marijuana farms in the vicinity of Oklahoma City, large quantities of marijuana were placed in warehouse and storage unit locations in the vicinity of Oklahoma City (collectively, "Stash Locations"). The Organization utilized a freight shipping company, Forward Air, to ship a portion of the marijuana from the Stash Locations to various locations, including CubeSmart (defined below).

8. On or about August 24, 2023, DEA received information from a law enforcement officer who conducts freight interdiction about a suspicious Forward Air shipment weighing approximately 900 pounds and originating from one of the Stash Locations. That shipment was supposed to be transported to the CubeSmart self-storage facility located at 601 South Avenue E, Cranford, New Jersey ("CubeSmart").

9. DEA has obtained numerous bills of lading for shipments from the Stash Locations to CubeSmart. Sam Supplie is listed in the "SHIP FROM" section of those bills of lading. DEA utilized multiple investigative databases and determined that no company with that name exists. Additionally, the

phone numbers attributed to Sam Supplie on the bills of lading had no subscriber information.

10.   On or about August 25, 2023, DEA set up surveillance at CubeSmart.  Over the next few days, DEA observed a recurring pattern of box trucks entering CubeSmart and being met by various unidentified individuals.  The unidentified individuals removed shipments contained in the box trucks and placed the shipments into storage units at CubeSmart.  The shipments were later loaded into vehicles which then departed CubeSmart.

11.   On or about August 31, 2023, at approximately 10:00 a.m., DEA observed two vehicles with New York plates and one vehicle with California plates enter CubeSmart.  DEA observed a BGNJ Transport box truck ("BGNJ Truck") enter CubeSmart.  The three drivers of the three vehicles met with the driver of the BGNJ Truck.  DEA observed boxes being removed from the BGNJ Truck and placed into storage unit number 386.  The three drivers of the three vehicles closed storage unit number 386 and walked to storage unit number 468.  Numerous large black plastic bags were removed from storage unit number 468 and placed into both of the vehicles with New York plates.  The two vehicles with New York plates and the BGNJ Truck departed CubeSmart.

12.   The vehicle with California plates, a white Honda Odyssey minivan ("Honda Odyssey") remained at CubeSmart.  DEA observed a Ward Transportation box truck ("Ward Truck") approach the front gate of CubeSmart.  The driver of the Honda Odyssey opened the front gate of

CubeSmart and motioned for the driver of the Ward Truck to enter CubeSmart. The operator of the Honda Odyssey opened storage unit number 468. Numerous boxes were removed from storage unit 468 and loaded onto the Ward Truck. Storage unit number 468 was closed and both the Honda Odyssey and the Ward Truck departed CubeSmart. DEA maintained surveillance on the Ward Truck.

      13.    DEA initiated a motor vehicle stop of the Ward Truck. DEA informed the driver of the Ward Truck of the ongoing investigation and the driver consented to a search of the Ward Truck and voluntarily opened its cargo area. DEA entered the cargo area and identified the boxes which had been observed being loaded into the Ward Truck. DEA removed the boxes from the Ward Truck and conducted a search. The boxes were found to be filled with United States currency. The currency was packaged in a manner consistent with the packaging of narcotics sales proceeds. Each box contained a piece of paper listing the amount of currency within. The various denominations of currency were rubber banded together and wrapped in black plastic shopping bags which were concealed within stacks of white plastic bags on the top and bottom and bottom of the boxes.

      14.    DEA discovered approximately $629,950 in United States currency in the boxes, the Defendant Property.

      15.    At the time the Defendant Property was seized, DEA also obtained a bill of lading from the Ward Truck driver. The bill of lading indicated that the Defendant Property was supposed to be picked up from CubeSmart and

delivered to 2340 Martime Drive, Elk Grove, California ("Elk Grove Location"). The Elk Grove Location has been identified as a storage unit controlled by Yifiei Lin ("Lin"). Lin is a marijuana trafficker in the vicinity of Oklahoma City and controls the Stash Locations. Lin also once controlled a marijuana farm in the vicinity of Oklahoma City. Sam Supplie is listed in the "SHIP FROM" section on the bill of lading arranging for the transportation of the Defendant Property from the CubeSmart to the Elk Grove Location.

16. The Defendant Property consists of: 107 one hundred dollar bills; 1,306 fifty dollar bills; 22,059 twenty dollar bills; 8,889 ten dollar bills; 4,129 five dollar bills; and 3,235 one dollar bills.

17. On or about November 3, 2023, DEA received a claim from Adriana Jones ("Claimant") for the Defendant Property. On or about November 4, 2019 various members of Claimant's family were murdered in Mexico by the Juarez drug cartel ("Juarez Cartel"). In her claim, Claimant asserted that her interest in the Defendant Property was based on a June 24, 2022, Federal Anti-Terrorism Act Judgment against the Juarez Cartel. The Terrorism Risk Insurance Act of 2002 allows claimants to attach their judgment against assets of the Juarez Cartel.

18. The government has no evidence that contradicts its assertion that the Defendant Property was exclusively based on proceeds from the sale of marijuana grown and distributed within the United States and not involved with the Juarez Cartel in Mexico.

## CLAIM FOR FORFEITURE

19. The allegations contained in paragraphs 1 through 18 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein as if set forth at length.

20. Based on the facts presented above, there is probable cause to believe that the Defendant Property was furnished or intended to be furnished in exchange for a controlled substance or is proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of Title 21, Subchapter 1, of the United States Code, and is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

**WHEREFORE**, Plaintiff requests that the Clerk of the Court issue a warrant for arrest *in rem* for the Defendant Property; that notice of this action be given to all persons who reasonably appear to be potential claimants to the Defendant Property; that the Defendant Property be forfeited and condemned to the United States of America; that Plaintiff be awarded its costs and disbursements in this action; and that the Court award such other and further relief as it deems proper and just.

Dated: February 20, 2024

          Philip R. Sellinger
          United States Attorney

          *s/Joseph N. Minish*
          By: Joseph N. Minish
          Assistant United States Attorney

## **VERIFICATION**

I, Joseph M. Espinosa, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my own knowledge, information, and belief.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States; information obtained directly by me; and information supplied to me from and by other law enforcement officials during an investigation of alleged violations of Title 21 of the United States Code.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated this \_\_\_15\_\_\_ day of February 2024.

*TFO J. Espinoza*
_____
Joseph M. Espinosa
Task Force Officer
Drug Enforcement Administration